IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH COPPOLA,

    Petitioner,

v.                                    Civil Action No. 2:14cv13
                                      (Judge Bailey)

TERRY O'BRIEN, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On February 10, 2014, the *pro se* petitioner, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. §2241, challenging the validity of convictions and sentence imposed by the United States District Court for the District of Nevada. Petitioner paid the $5.00 filing fee at the time he filed his petition.

On March 24, 2014, petitioner filed a Memorandum of Argument, Points & Authorities in support of his petition. On May 8, 2014, petitioner filed a letter notice regarding the recent ruling in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). On November 3, 2014, petitioner filed a Motion for Order to Show Cause Why the Writ Should Not Issue or in the Alternative[,] the Courts [sic] 'Order' to Issue the Writ and Free Plaintiff/Motion for Release from Custody.

On February 19, 2015, petitioner filed an Emergency Motion for Court Order to Stop Pending Transfer and Retaliation. By Order entered February 23, 2015, the emergency motion was denied. By letter motion filed on March 3, 2015, petitioner moved for reconsideration of that Order. By Order entered March 24, 2015, petitioner's motion for reconsideration was denied.

On April 6, 2015, petitioner filed Objections to Magistrate Judges [sic] Findings of Emergency Motion.

On May 15, 2015, petitioner filed a Motion for Court Appointed Attorney in the Interest of Justice. By Order entered May 18, 2015, petitioner's motion for appointed counsel was denied.

This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

## II. <u>Background</u>[1]

On January 7, 2003, in the District of Nevada, petitioner was indicted in a two-count criminal indictment on two counts of bank robbery in violation of 18 U.S.C. §2113(a).[2] On April 1, 2014, after a 5-day trial during which he represented himself with standby counsel, he was convicted by a jury on both counts. On March 23, 2005, he was sentenced to one hundred eighty-eight months (188) incarceration to be followed by three years' supervised release, and ordered to pay $4,547.95 in restitution.

---

[1] The information contained in this section is taken from petitioner's criminal docket in the District of Nevada, including findings set forth in the Ninth Circuit's Memorandum Opinion denying his appeal and the District of Nevada's Order denying his §2255 motion. <u>See</u> (D. Nev. Dkt.# 178 and 239) (2:03-cr-00010)(available on PACER).

[2] 18 U.S.C §2113(a) states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Petitioner appealed his convictions and sentence. As grounds, he raised claims of prosecutorial misconduct; violations of his Sixth Amendment right to self-representation; judicial bias; a challenge to the photographic lineup; a challenge to the four-level sentencing enhancement for the threat of death (two levels each, one for brandishing the weapon and one for verbally making a death threat); a two-level U.S.S.G. §3C1.1 obstruction of justice enhancement for perjury at trial and repeated attempts to influence witnesses to commit perjury; and a four-level upward departure based on U.S.S.G. §5K2.0(a)(3) for petitioner's plans to kidnap, torture, and kill the prosecutor and FBI agent on his case. The Ninth Circuit denied his claims and affirmed his convictions and sentence by unpublished opinion,[3] noting that that petitioner had committed the bank robberies while still serving his sentence for a prior armed bank robbery[4] and further, had threatened someone with death in his most recent robbery. Finally, it noted that even though petitioner never attempted to carry out the kidnap/murder plans, his planning of the same

> demonstrates his personal characteristics and suggests that he is a danger to the public and does not have proper respect for the law. His perjury, attempts to improperly influence witnesses, and refusal to take responsibility for his misconduct throughout the robberies and trial also suggest that he is a danger, has little respect for the law, and is in need of deterrence.

See (D. Nev. Dkt.# 178 at 13)(2:03cr10).

Thereafter, petitioner filed a §2255 motion, alleging (1) illegal arrest and false imprisonment; (2) lack of subject matter jurisdiction;[5] (3) violation of the Speedy Trial Act; (4) ineffective assistance of pre-trial counsel; (5) prosecutorial misconduct; (6) judicial bias; (7)

---

[3] See United States v. Coppola, No. 05-10244 (9th Cir. Dec. 13, 2006).

[4] See D. Nev. Case No. 2:99cr217.

[5] Petitioner argued that the court had no subject matter jurisdiction to prosecute him for the offenses because he was invoking his right to sovereign immunity from prosecution.

3

impermissible photographic evidence; (8) ineffective assistance of sentencing counsel; (9) ineffective assistance of appellate counsel; (10) illegal search and seizure; (11) wrongful use of prior convictions evidence; (12) Due Process violation; and (13) a sentencing challenge. By Order entered December 15, 2010, his motion to vacate was denied.[6]

The Bureau of Prisons' online Inmate Locator indicates that petitioner is 44 years old and has a projected release date of December 5, 2017.

### III. §2241 Petition

In the petition, petitioner alleges that

1) at sentencing, the court "lost subject matter jurisdiction" when it improperly imposed an unwarranted upward departure, resulting in an illegal sentence;

2) the "eight levels of upward departures" resulted in a sentence disproportionate to the offense of conviction, violating his Due Process rights and voiding his sentence *ab initio*, since he has already served more time than could have been imposed to begin with;

3) his decision to waive his Sixth Amendment right to counsel and represent himself at trial was rendered "unknowing and involuntary" when ten months after conviction, the available scope of punishment changed;

4) a violation of the *Ex Post Facto* Clause of the U.S. Constitution occurred when the "advisory" U.S. Sentencing Guidelines were applied to pre-Booker[7] conduct, causing an increase in the scope of punishment unavailable under the prior mandatory Guidelines.

Petitioner contends that none of the grounds raised in his petition have been presented to another court "as they were barred by a Ninth Circuit mandate – See Dupas.[8] NOTE: Now Alleyne[9] & Peugh[10] overturn that mandate."[11]

---

[6] (D. Nev. Dkt.# 239)(2:03cr10).

[7] United States v. Booker, 543 U.S. 220 (2005).

[8] United States v. Dupas, 2005 U.S. App. LEXIS 21691 (9th Cir. 2005).

[9] Alleyne v. United States, 133 S. Ct. 2151 (2013).

[10] Peugh v. United States, 133 S. Ct. 2072 (2013).

4

For relief, Petitioner asks this court to order his "immediate and unconditional release from imprisonment" by declaring his conviction and/or sentence void.

Petitioner contends that the remedy under 28 U.S.C. §2255 is inadequate or ineffective because the "prison put petitioner in 24/7 lockdown and denied contact with appellate counsel despite requests from petitioner and counsel which deprived petitioner from raising legitimate grounds on appeal and they were procedurally barred in the 2255 for this reason. Denied full and fair review after filing mandamus. * See mandamus for more info [sic]."[12]

Six weeks after filing his petition, petitioner filed a 27-page typed memorandum in support, further elaborating his claims.

### IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to §2254. As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim

---

[11] Dkt.# 1 at 12.

[12] Dkt.# 1 at 14.

cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. **Analysis**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate of ineffective. *In re* Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition before this court, Coppola asserts the following grounds for relief:

1) at sentencing, the court "lost subject matter jurisdiction" when it improperly imposed an unwarranted upward departure, resulting in an illegal sentence; 2) the "eight levels of upward departures" resulted in a sentence disproportionate to the offense of conviction, violating his Due Process rights and voiding his sentence *ab initio*, since he has already served more time than could have been imposed to begin with; 3) his decision to waive his Sixth Amendment right to counsel and represent himself at trial was rendered "unknowing and involuntary" when ten months after conviction, the available scope of punishment changed; and 4) a violation of the *Ex Post Facto* Clause of the U.S. Constitution occurred when the "advisory" U.S. Sentencing Guidelines were applied to pre-Booker conduct, causing an increase in the scope of punishment unavailable under the prior mandatory Guidelines.

Dkt.# 1 at 6 – 7.

While petitioner contends that "none of the grounds raised [in his instant petition have ever been] presented to another court,"[13] even a cursory review of petitioner's criminal and appellate docket establishes otherwise. The sentencing issue he is now attempting to raise was raised on appeal and denied. Coppola then attempted to re-raise it in his §2255 motion, but was procedurally barred. Nonetheless, he is clearly attempting to re-litigate the same issue in his §2241 petition.

However, in order to raise his claims under §2241, Coppola must first establish that he is entitled to review under §2241 by meeting the Jones requirements. The remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, petitioner does not even attempt to argue that he is imprisoned for an offense which is no longer

---

[13] Dkt.# 1 at 12.

a crime.[14] Rather, relying on Alleyne, he argues that his sentence was improperly enhanced by "eight levels of upward departures," and "[a]ny fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2155.

Petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under §924(c)(1)(A). At sentencing, the district judge determined that Alleyne had brandished the firearm and sentenced him to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. With respect to 18 U.S.C. §2113(a), the provision of the Criminal Code under which petitioner was convicted and sentenced, there is no mandatory minimum sentence. Moreover, although this section of the Code provides for a sentence of not more than twenty years, petitioner was only sentenced to 188 months, or 15.66 years. While that may have been more than he anticipated, it still falls well below the potential statutory maximum sentence that he could have received. Thus any enhancements or upward

---

[14] Clearly such a claim would be improper. Bank robbery "by force and violence, or by intimidation" remains a crime pursuant to 18 U.S.C. §2113(a). Remarkably, in his memorandum, petitioner refers to his offenses, both committed within a 12-day period in December, 2002, as "two unremarkable "note" bank robberies." See Dkt.# 5 at 1.

8

departures were not facts that increased the penalty for a crime,[15] and Alleyne's prohibition is not implicated.[16]

Petitioner also cites the panel decision in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), which held that an erroneous application of the "career offender enhancement" amounts to a fundamental miscarriage of justice, cognizable on collateral review.[17] Petitioner argues that because his offense level went "from level 24 to level 32 and a sentencing range of 63 – 78 months to an increadible [sic] 151 to 188 months," that that increase was "equivalent to a career offender enhancement,"[18] amounting to a fundamental miscarriage of justice.[19] However, petitioner's reliance on the Whiteside decision is misplaced as well. Although petitioner's *available* underlying record[20] does not establish that he was found to be a career offender, even if he were, the Fourth Circuit has specifically refused to allow petitioners to utilize §2241 to challenge their designation as a career offender. See Darden v. Stephens, 426 Fed. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the §2255 savings clause to instances of actual innocence of the underlying offense of conviction. . .."). Little v. Hamidullah, 177 Fed. App'x

---

[15] Alleyne, 133 S.Ct. at 2155.

[16] Moreover, a number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

[17] That panel decision has since been vacated, and the Fourth Circuit has now issued its *en banc* opinion. See Whiteside v. United States, 775 F.3d 180, 186 (4th Cir. 2014).

[18] It is unclear whether petitioner is claiming he actually was found to be a career offender, or if he is only arguing that his increased sentence was tantamount to an increase based on a career offender finding.

[19] Dkt.# 6 at 2.

[20] Petitioner's 2003 District of Nevada underlying criminal record is not completely digitized and portions of it are unavailable. His sentencing transcripts and PreSentence Investigation Report ("PSR") were not available to verify this claim. Because it is unnecessary to establish whether petitioner was indeed found to be a career offender to make this recommendation, the attempt to obtain those documents was abandoned.

9

375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize §2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); Boynes v. Berkebile, 2012 WL 1569563, at *6 (S.D. W.Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). Here, even though petitioner contends his convictions were "illegal" and void *"ab initio,"* his actual challenge is only the validity of his enhanced sentence, not the legality of his underlying conviction, a challenge unavailable via a §2241 petition. See Wilson v. Wilson, 2012 U.S. Dist. LEXIS 51901, *3 (E.D. Va. April 12, 2012).

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the petition (Dkt.# 1) be **DENIED with prejudice**.

Further, the undersigned recommends that petitioner's pending Motion for Order to Show Cause Why the Writ Should Not Issue or in the Alternative[,] the Courts [sic] 'Order' to Issue the Writ and Free Plaintiff/Motion for Release from Custody (Dkt.# 8) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by June 15, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 1, 2015

/s/  James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE