# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JOSEPH COPPOLA,**

    Petitioner,

v().                                           **CIVIL ACTION NO. 2:14-CV-13**
                                                   **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 24]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on June 1, 2015, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 26] on June 15, 2015. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **Background**

On March 29, 2004[1], a jury found the petitioner guilty on two counts of bank robbery. He was subsequently sentenced on March 22, 2005, to one hundred eighty-eight (188) months. The conviction was affirmed on appeal by the Ninth Circuit. **United States v. Coppola**, 198 F.App'x 629 (9th Cir. 2006). Thereafter, petitioner filed a § 2255 petition, which was denied. It does not appear that the petitioner sought authorization to file a successive § 2255. Rather, the petitioner contends that the remedy under § 2255 is inadequate or ineffective because the "prison put [him] in 24/7 lockdown and denied contact with appellate counsel despite requests from petitioner and counsel which deprived petitioner from raising legitimate grounds on appeal and they were procedurally barred in the § 2255 for this reason. Denied full and fair review after filing mandamus." [Doc. 1 at 14]. Petitioner has now filed the instant § 2241 petition relying on **Alleyne v. United States**, 13 S. Ct. 2151 (2013), and the Savings Clause of § 2255(e). Specifically, the

---

[1] In his Objections, the petitioner notes that the trial was in March of 2004 rather than April of 2014 as stated in the R&R. The petitioner is correct.

2

petitioner argues that the sentencing judge improperly enhanced his offense level by eight levels and that "any fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." The enhancements included two levels for brandishing a weapon; two levels for verbally making a death threat; two levels for obstruction of justice for perjury at trial and repeated attempts to influence witnesses to commit perjury; and a four level enhancement under § 5K2.0(a)(3) for planning to kidnap, torture, and kill the prosecutor and FBI agent working his case. In addition, the petitioner claims actual innocence.

## Discussion

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

3

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

I.

Incredibly, the petitioner does maintain his actual innocence. As the Ninth Circuit noted, however, even if it were to "ignor[e] all the character evidence, including past criminal conduct evidence, propensity evidence, and bad acts evidence, there is overwhelming evidence of Coppola's guilt for both bank robberies. There was surveillance video of both robberies. Coppola's friend and employer identified him in surveillance photos of both robberies. The courtesy clerk at the second robbery identified him in court. During the second robbery Coppola was followed from the bank to his own car, which

4

contained jeans and a towel stained with dye pack residue, thus linking Coppola to the first robbery. Coppola himself told the jury that 'it is obvious that the same modus operandi, or M.O., was used in both robberies – and looking at the photographs of both bank robberies it is obviously the same person.'" ***United States v. Coppola***, 198 F.App'x 629, 632. In light of the above, it is clear that the petitioner's attempt to save his claim via the actual innocence provisions of § 2255(e)'s Savings Clause do not apply.

II.

In his Objections [Doc. 26], the petitioner also argues that pursuant to the ***Alleyne*** decision, a jury was required to determine his sentencing enhancements. While the defendant believes that ***Alleyne*** requires that all sentencing enhancements must be submitted to the jury, in fact, ***Alleyne*** held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt. As explained by the Sixth Circuit in ***United States v. Keglar***, 535 F.App'x 494 (6th Cir. 2013), although "the Supreme Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury, . . . the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by ***Almendarez-Torres [v. United States***, 523 U.S. 224 ('a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'])." *See also* ***Little v. Hamidullah***, 177 F.App'x 375, 375-76 (4th Cir. 2006): ***Green v. Hemingway***, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying,

5

substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); **Kinder v. Purdy**, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); **White v. Rivera**, 518 F.Supp.2d 752, 757 n.2 (D. S.C. 2007), *aff'd* 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); **Boynes v. Berkebile**, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D. W. Va. May 1, 2012). For the same reason, the petitioner's claims must fail. Because Coppola has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim

A final reason why **Alleyne** does not apply to petitioner's case is because it is not retroactive to cases on collateral review. *See, e.g.*, **United States v. Stewart**, 540 Fed.Appx. 171 (4th Cir. 2013); **United States v. Redd**, 735 F.3d 88, 91–92 (2d Cir. 2013); **Simpson v. United States**, 721 F.3d 875, 876 (7th Cir. 2013); **In re Payne**, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Accordingly, the petitioner's Objections [Doc. 26] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 24]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 26]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. In

6

addition, the pending Motion for Order to Show Cause Why the Writ Should Not Issue or in the Alternative, the Courts [sic] 'Order' to Issue the Writ and Free Plaintiff/Motion for Release from Custody **[Doc. 8]** is **DENIED AS MOOT**. Further, the petitioner's Objection to Magistrate Judge's Findings of Emergency Motion **[Doc. 19]** is **OVERRULED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Coppola has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 17, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE